CAUSE NO. 416-04192-2019

| | | |
|---|---|---|
| EDNA VANBAULEN | § | IN THE DISTRICT COURT |
| GUY E. VANBAULEN | § | |
| AND ALL OTHER OCCUPANTS OF | § | |
| 5209 BOXWOOD LN. | § | |
| MCKINNEY, TX 75070 | § | 416th JUDICIAL DISTRICT |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| WELLS FARGO FINANCIAL TEXAS, INC. | § | |
| Defendant | § | OF COLLIN COUNTY, TEXAS |

FILED 2019 AUG -5 PM 3:03
LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY_____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, EDNA VANBAULEN and GUY E. VANBAULEN, Plaintiffs herein, and file this Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction against WELLS FARGO FINANCIAL TEXAS, INC. Defendant herein, and in support thereof, would show the Court the following:

### PARTIES AND SERVICE

1. Plaintiffs EDNA VAN BAULEN and GUY E. VAN BAULEN are individuals who currently reside at 5209 BOXWOOD LN. MCKINNEY, TX 75070.

2. Defendant, WELLS FARGO FINANCIAL TEXAS, INC. is a corporation that does business in Texas and may be served with process by serving its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company, 211 E. 7th St. Suite 620 Austin, TX 78701.

### JURISDICTION AND VENUE

3. The subject matter in controversy is within the jurisdictional limits of this court.

4. This court has jurisdiction over the Defendant as it does business in the State of Texas

and Plaintiffs have sought remedies through the Texas courts.

5. Venue in Collin County is proper in this case.

## FACTUAL BACKGROUND

6. Plaintiffs EDNA VAN BAULEN and GUY E. VAN BAULEN reside at 5209 BOXWOOD LN. MCKINNEY, TX 75070. (Hereinafter "Plaintiff's residence"). Defendant WELLS FARGO FINANCIAL TEXAS, INC. (hereinafter referred to as Wells Fargo) is the mortgage servicer on Plaintiff's mortgage and Defendant is the lender.

7. Defendant, WELLS FARGO FINANCIAL TEXAS, INC. had a duty to acknowledge receipt of the Plaintiff's qualified written request seeking other information from the Defendant relating to the servicing of the Plaintiffs loan and the duty to thoroughly and completely conduct an investigation of the other information sought by the Plaintiffs relating to the Plaintiffs loan. Specifically, the other information sought by the Plaintiffs relating to the servicing of the Plaintiffs loan is a fair, honest and complete Loss Mitigation review of Plaintiffs mortgage loan according to 12 U.S.C 2605 e(1)(A)(B)(i)(ii)(2). WELLS FARGO FINANCIAL TEXAS, INC. failed to adhere to its duties and refuses to review Plaintiffs application for the appropriate relief as mandated by federal law.

8. Defendant is failing to negotiate in good faith as required by law. Pursuant to (12 U.S.C. 2605(e)(2)(3), 24 C.F.R. 3500.21(e)), Defendant was required to provide Plaintiffs with an opportunity to participate in the Making Home Affordable Program. Defendant failed, refused and ignored the existence of the Plaintiffs qualified written requests to take the appropriate action necessary upon the receiving of the Plaintiffs inquiry. Therefore, Defendant failed to comply with these federal regulations and thus has prematurely and improperly refused not to allow Plaintiffs to participate in the Making Home Affordable Act.

9. Defendant, WELLS FARGO FINANCIAL TEXAS, INC. will not allow Plaintiffs any review, among other options, engaged in Loss Mitigation according to the Loss Mitigation programs (21 CFR 203.355), the National Housing Act (N.H.A.) 12 U.S.C. Section 1715V, and the Unfunded Mandates

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

Reform Act even entering into certain modification agreements. The Defendant failed to comply with these federal regulations and thus has prematurely and improperly foreclosed on plaintiffs property.

10. Defendant, WELLS FARGO FINANCIAL TEXAS, INC. by and through its representatives, employees, and agents actions and course of conduct violate the Texas Debt Collection Act, Chapter 392-301 (8) and the Texas Property Code section 51.

Unless Defendant herein is immediately enjoined and restrained from evicting Plaintiffs from Plaintiffs property, Plaintiffs will suffer irreparable harm through the loss of their property via the eviction process.

11. Moreover Defendant WELLS FARGO FINANCIAL TEXAS, INC. did not perform their statutory duties which violated Plaintiffs rights when Plaintiffs Housing Counselor First Home Consulting sent a Qualified Written Request (QWR) seeking a clear and fair review for a retention option.

## ELEMENTS FOR INJUNCTIVE RELIEF

12. In light of the above-described facts, Plaintiffs seek recovery from Defendant. The nature of the lawsuit is Defendant's failure to recognize and follow federal regulations and state laws.

13. Plaintiffs are likely to succeed on the merits of their lawsuit because Plaintiffs can prove each and every element of their cause of action against Defendant through the corporate records of Defendant, witness testimony and exhibits which will show that the Defendant failed to follow the federal statutes, federal regulations and state laws, and failed to work with Plaintiffs to cure any deficiencies prior to an eviction as required by law.

14. Unless this Honorable Court immediately restrains the Defendant and all of those acting on Defendant's behalf, Plaintiffs will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiffs complete, final and equitable relief. More specifically, Plaintiffs will show the court the following:

A. The harm to Plaintiffs is imminent because Defendant (or those acting on Defendant's behalf) has filed an eviction and a forcible entry into plaintiffs home to throw their belongings in the street.

B. This imminent harm will cause Plaintiffs irreparable injury if Defendant is allowed to evict plaintiffs they will no longer have possession of their home.

C. There is no adequate remedy at law which will give Plaintiffs complete, final and equitable relief because once Defendant has sold the Plaintiffs residence to a bona fide purchaser, and Plaintiffs are evicted from Plaintiffs residence, Plaintiffs will not be able to reclaim the property even if Plaintiffs were to prevail on the merits of this suit.

## BOND

15. Plaintiffs are willing to post a reasonable temporary restraining order bond and request the court to set such bond.

## REMEDY

16. Plaintiffs have met their burden by establishing each element which must be present before injunctive relief can be granted by this Court; therefore Plaintiffs are entitled to the requested temporary restraining order.

17. Plaintiffs request the Court to restrain Defendant from evicting and removing Plaintiffs from Plaintiffs property. Plaintiffs request that the Court restrain the Defendant from taking any further steps in connection with any eviction procedures.

18. Plaintiffs further request that the Court restrain Defendant, and all of those acting on Defendant's behalf, from evicting and removing Plaintiffs from Plaintiffs residence.

19. It is essential that the court immediately and temporarily restrain Defendant from evicting Plaintiffs from Plaintiffs property. It is essential that the Court act immediately, prior to giving notice to Defendant and a hearing on the matter because Defendant will sell said residence to a bona fide purchaser, evict Plaintiffs and remove Plaintiffs from Plaintiffs residence before Defendant can be notified and a hearing set on this matter. Further, it is essential that the Court act immediately, prior to giving notice to Defendant and a hearing on the matter because Defendant will have Plaintiffs evicted and removed from their residence before Defendant can be notified and a hearing set on this matter.

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

20. In order to preserve the status quo during the pendency of this action, Plaintiffs request that the Defendant be temporarily enjoined from evicting Plaintiffs from Plaintiffs residence, and from taking any further steps to sell Plaintiffs residence and remove Plaintiffs from Plaintiffs residence.

21. At the conclusion of this case, Plaintiffs request that Defendant be permanently enjoined from evicting and removing Plaintiffs from Plaintiffs residence and from taking any further steps to sell Plaintiffs residence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, EDNA VANBAULEN and GUY E. VANBAULEN, Plaintiffs herein, respectfully pray that:

A. Defendant be cited to appear and answer herein;

B. A temporary restraining order be issued without notice to Defendant, restraining Defendant, Defendant's officers, agents, servants, employees, successors, and assigns, and attorneys, including but not limited to the Constable and any and all of his deputies, from directly or indirectly moving to evict on Plaintiffs residence or from taking any additional steps to sell Plaintiffs residence.

C. A temporary restraining order be issued without notice to Defendant, restraining Defendant, Defendant's officers, agents, servants, employees, successors, and assigns, and attorneys, including but not limited to the Constable and any and all of his deputies, from directly or indirectly moving to evict and remove Plaintiff and Plaintiffs family from their residence.

D. The Court waive the setting of bond for the temporary restraining order, or in the alternative, set a reasonable bond relative to Plaintiffs financial situation;

E. After notice and hearing, a temporary injunction be issued restraining Defendant, Defendant's officers, agents, servants, employees, successors, and assigns, and attorneys, including but not limited to the Constable and any and all of his deputies, during the pendency of this suit, from directly or indirectly evicting and removing Plaintiffs from Plaintiffs residence or from taking any additional steps to sell Plaintiffs residence.

F. After notice and hearing, a temporary injunction be issued enjoining and restraining Defendant and Defendant's officers, agents, servants, employees, successors and assigns, and attorneys, including but not limited to Constable and any and all of his deputies, during the pendency of this suit, from directly or indirectly evicting and removing Plaintiffs and Plaintiffs family from Plaintiff's residence.

G. After the final trial hereof, a permanent injunction be issued enjoining and restraining Defendant and Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly evicting and removing Plaintiffs and Plaintiff's family from Plaintiffs residence.

H. After a final trial hereof, the Court determine that Defendant improperly and unlawfully foreclosed on Plaintiffs residence, and accordingly, determine that Plaintiffs own the title to their residence and have the right to possession of their residence.

I. The Court Enter judgment in favor of Plaintiffs and against Defendant for damages arising out of Defendant's wrongful and unlawful foreclosure and sale and attorneys fees.

J. For such this and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted:

_____
Edna Van Baulen
**PRO-SE**
5209 Boxwood Ln.
McKinney, TX 75070
Phone: (973) 906-6260

Respectfully submitted:

_____
Guy Van Baulen
**PRO-SE**
5209 Boxwood Ln.
McKinney, TX 75070
Phone: (973) 906-6260

CAUSE NO. _____

| | | |
|---|---|---|
| EDNA VAN BAULEN | § | IN THE DISTRICT COURT |
| GUY E. VAN BAULEN | § | |
| AND ALL OTHER OCCUPANTS OF | § | |
| 5209 BOXWOOD LN. | § | |
| MCKINNEY, TX 75070 | § | _____ JUDICIAL DISTRICT |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| WELLS FARGO FINANCIAL TEXAS, INC. | § | |
| Defendant | § | OF COLLIN COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

BEFORE ME, the undersigned authority, personally appeared EDNA VAN BAULEN, who being duly sworn, deposed as follows:

"My name is EDNA VAN BAULEN. I am at least 18 years of age and of sound mind. I have read the Petition and all of the facts contained in the Petition are within my personal knowledge true and correct.

"Further affiant sayeth not."

_____
EDNA VAN BAULEN

CAUSE NO. _____

| | | |
|---|---|---|
| EDNA VAN BAULEN<br>GUY E. VAN BAULEN<br>AND ALL OTHER OCCUPANTS OF<br>5209 BOXWOOD LN.<br>MCKINNEY, TX 75070<br>Plaintiff<br><br>V.<br><br>WELLS FARGO FINANCIAL TEXAS, INC.<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>_____ JUDICIAL DISTRICT<br><br><br><br><br>OF COLLIN COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

BEFORE ME, the undersigned authority, personally appeared GUY E. VAN BAULEN, who being duly sworn, deposed as follows:

"My name is GUY E. VAN BAULEN. I am at least 18 years of age and of sound mind. I have read the Petition and all of the facts contained in the Petition are within my personal knowledge true and correct.

"Further affiant sayeth not."

_____
GUY E. VAN BAULEN

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing document has been forwarded to A LAW following counsel of record in the manner indicated on this 5th day of August, 2019.

Via Facsimile: 469-804-8462
Phone Number: 813-221-4743

A LAW
2231 W. Royal Ln. Suite 553
Irving, TX 75063

Edna Van Baulen
**PRO-SE**
5209 Boxwood Ln.
McKinney, TX 75070
Phone: (973) 906-6260

Guy Van Baulen
**PRO-SE**
5209 Boxwood Ln.
McKinney, TX 75070
Phone: (973) 906-6260

We hereby certify that the opposing parties are represented by A LAW and that they have been notified of this application for temporary restraining order, on this 5Th day of August, 2019, at 10 o'clock A.M.

Representative Name at:
A LAW
2231 W. Royal Ln. Suite 553
Irving, TX 75063
Phone: 813-221-4743
Fax: 469-804-8462

Edna Van Baulen
**PRO-SE**
5209 Boxwood Ln.
McKinney, TX 75070
Phone: (973) 906-6260

Guy Van Baulen
**PRO-SE**
5209 Boxwood Ln.
McKinney, TX 75070
Phone: (973) 906-6260

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF COLLIN | § |

BEFORE ME, the undersigned authority, personally appeared GUY E. VAN BAULEN, who, on oath and under penalty of perjury stated that the statements made in the foregoing Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction are within his personal knowledge true and correct.



GUY E. VAN BAULEN

SUBSCRIBED AND SWORN TO BEFORE ME on __24__, Day of __July__ 2019, by __Priscilla F. Salazar__ to certify which witness my hand and seal of office.

PRISCILLA F SALAZAR
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-19-23
Notary ID # 13198212-1

Notary Public, State of Texas

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF COLLIN §

BEFORE ME, the undersigned authority, personally appeared EDNA VAN BAULEN, who, on oath and under penalty of perjury stated that the statements made in the foregoing Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction are within his personal knowledge true and correct.

_____
EDNA VAN BAULEN

SUBSCRIBED AND SWORN TO BEFORE ME on __24__, Day of __July__ 2019, by __Priscilla F. Salazar__ to certify which witness my hand and seal of office.

PRISCILLA F SALAZAR
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-19-23
Notary ID # 13198212-1

_____
Notary Public, State of Texas

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION